**STATE of Tennessee, Appellee,**

v.

**Ronnie J. BAKER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 4, 1992.

Stephen M. Wallace, Public Defender and Gale K. Flanary, Asst. Public Defender, Blountville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, John B. Nisbet, III, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., and Rebecca H. Davenport, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

PEAY, Judge.

The defendant was found guilty by a jury of driving while under the influence of an intoxicant and driving on a revoked license. For these offenses he received consecutive sentences of 11 months and 29 days and six months respectively.[1]

Bringing this appeal as of right from the above convictions the defendant presents three issues for review. In his first two issues he contends that the evidence is insufficient as a matter of law to sustain his convictions while in his third issue he contends that the trial court erred in admitting into evidence records from the Department of Safety relating to the status of his driver's license. We find the defendant's issues to be without merit; thus, the judgment of the trial court is affirmed.

The proof offered on behalf of the State established that on June 16, 1990, at approximately 11:00 p.m. two Kingsport Police Department officers had been traveling in their cruiser and had come upon the defendant driving a vehicle which was weaving across the two east-bound lanes of Memorial Boulevard in Sullivan County. One officer testified that while the defendant's speed had not been excessive, there had been no lights on the rear of the defendant's vehicle. He added that the defendant had crossed the center line two or three times and had then run off the right shoulder almost striking the guard rail.

Both officers further testified that after emergency lights and sirens had been engaged, the defendant had traveled more than one mile before stopping his vehicle. These witnesses said that they had had difficulty getting the defendant to exit his vehicle, explaining that after the defendant had rolled up the driver's window and had locked the door, one officer had had to aim his revolver at the defendant through the passenger window in order to get the defendant to open the door and get out of the van. When the defendant did step out of the vehicle, he stumbled and almost fell according to the officers. They added that the defendant had been unsteady on his feet and had required assistance to get to the patrol car.

In addition, one of the officers testified that there had been a strong odor of alcohol about the defendant, that his eyes had been bloodshot, and that his speech had been slurred. According to this officer no field sobriety tests had been attempted as the officer had been afraid that the defendant might injure himself in attempting to execute these tests. This witness further testified that the defendant had advised him that he did not have a driver's license, had accused the officer of removing over ten thousand dollars ($10,000) in cash from his van, and had been very uncooperative and belligerent.

The other officer further testified that there had been a strong odor of alcohol in the defendant's vehicle and that there had been several empty beer cans present therein. In this officer's opinion, the defendant was intoxicated at the time of the arrest.

A third officer from the Kingsport Police Department was summoned to the scene to transport the defendant to the local jail. This officer testified that when asked for his driver's license, the defendant had furnished one from the state of Virginia.

---

1. The defendant was also convicted of violating the light law and given a 30 day sentence but does not appeal this conviction or sentence.

The prosecution also offered proof from a sergeant with the Tennessee Highway Patrol who was an administrative hearing officer at the time of trial. This officer testified that he conducted hearings for individuals who had received a certain number of points based upon their driving records, that he maintained records in his office on those individuals, that he sent information to Nashville for the records division of the Department of Safety, and that he had access to all Department of Safety records concerning the driving histories of Tennessee residents. He further testified that he was allowed to retrieve records for production in cases such as this and, on cross-examination, stated that he was the records custodian for the "Fifth District". According to this witness the records which he had secured on the defendant included information such as a birth date of April 12, 1958, and the defendant's address. These records were also said to indicate that the defendant's driving privileges had been in revoked status since April 18, 1983, and remained in that status at the time of this officer's testimony. Following this witness, the State recalled the arresting officer who testified that the defendant had given his birth date as April 12, 1958.

The defendant then offered proof from his brother and his sister-in-law who both testified that they had been with the defendant shortly before he had been arrested. These witnesses stated that the defendant had not been intoxicated, had not appeared to have been drinking, and had been speaking and walking normally.

Also testifying was a mechanic who had worked on the defendant's vehicle to repair a steering problem several weeks prior to the defendant's arrest. There was also proof that the defendant had suffered from allergy problems which caused his eyes to be red, his face to swell, and his speech to become slurred.

In addition, the defendant testified that he had not consumed any alcohol prior to the time of the arrest, that he had experienced difficulty with the steering on his vehicle, and that he had obtained and presented one of the officers with a Virginia driver's license. He explained that prior to the issuance of this license, he had been required to get things "straight" with the Tennessee Department of Safety. Furthermore, he testified that he had refused to take the breath test and blood test and stated that he had not taken the latter as he would have been required to pay the expenses for it. Finally, the defendant denied that he had been aware of any beer cans in his vehicle, that he had crossed the center line or had run off the shoulder of the road, or that he had questioned the officer about $10,000 cash being in his vehicle.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at the trial is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. T.R.A.P. 13(e). In determining the sufficiency of the evidence, we do not reweigh or re-evaluate the evidence, and we are required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage*, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973).

Furthermore, a defendant challenging the sufficiency of the evidence has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a

matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn.1982).

From a review of the evidence in this case, it is clear that there was more than sufficient evidence to support both convictions. We, therefore, conclude that the defendant's first two sufficiency issues are clearly without merit.

In his third issue the defendant complains that the trial court erred in allowing the state trooper to introduce the defendant's driving record as a business record. This contention is based on his belief that the trooper was not qualified as a custodian with the Department of Safety or otherwise as provided by T.C.A. § 24–7–111.

We note from the transcript that the trial court did not allow the exhibit containing the defendant's driving record to be passed to the jury because of prejudicial information included in the exhibit. However, as previously mentioned, the court did allow the trooper to testify from this record concerning such things as the defendant's driving privileges having been in a revoked status at the time of the defendant's arrest.

■ While at the time of trial of this case[2] T.C.A. § 24–7–111 had been repealed, the rules of evidence which subsequently took effect enacted the same basic rule concerning the admissibility of business records as an exception to the rule against the introduction of hearsay evidence. *See* Tenn.R.Evid. 803(6). According to this rule a business record may be introduced by the custodian of those records or other qualified witness. Whatever his or her title the witness must be able to testify as to the identity of the record, the mode of preparation, and whether the record was made in the regular course of business at or near the time of the recorded event. After reviewing the transcript, we agree with the defendant that the trooper's testimony was somewhat lacking under this rule. We do,

however, find that the defendant's driving record was admissible under Tenn.R.Evid. 803(8). Among those statements excepted from the ban against the admission of hearsay are the following:

> Public Records and Reports.—Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness, records, reports, statements, or data compilations in any form of public offices or agencies setting forth the activities of the office or agency or matters observed pursuant to a duty imposed by law as to which matters there was duty to report, excluding, however, matters observed by police officers and other law enforcement personnel.

Tenn.R.Evid. 803(8) (supp. 1992).

The exhibit introduced contained an abstract of the defendant's previous DUI driving convictions, a notice sent to the defendant informing him of the revocation of his driver's license, and computer printouts indicating the revocation of the defendant's driving privileges along with other data. Having reviewed various provisions of our Code, we find that T.C.A. § 55–10–306 requires all courts to transmit an abstract of any driving convictions within this state to the Tennessee Department of Safety and further provides that such matters shall be open to the public. In addition, T.C.A. § 55–50–204(a)(3) states that the Department of Safety must maintain records with the name of every individual whose Tennessee driver's license has been suspended or revoked, and T.C.A. § 10–7–503(a) (supp.1991) requires that all state records shall be open to inspection by any citizen of Tennessee. While T.C.A. § 10–7–504(a)(2) (supp.1991) does make confidential Department of Safety records which deal with criminal investigative files relating to stolen vehicles or parts, and those which pertain to bogus drivers' licenses issued to undercover law enforcement officers, the records in question here do not fall within these exceptions.

**2.** The trial took place on February 12, 1991.

In view of the above provisions of our law, we find that the trial court was correct in allowing the admission into evidence of the defendant's driving record. This issue is also without merit.

Having considered all matters raised by the defendant, we find the convictions should be and are affirmed.

SCOTT and JONES, JJ., concur.