# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION

FILED

May 12, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE** ) | |
| ) | C.C.A. No. 01C01-9803-CC-00143 |
| Appellee, ) | |
| ) | Franklin County |
| V. ) | |
| ) | Honorable J. Curtis Smith, Judge |
| **DONNIE RAY SISK** ) | |
| ) | (Driving on Revoked License - |
| Appellant. ) | Third Offense) |

FOR THE APPELLANT:            FOR THE APPELLEE:

PHILIP A. CONDRA
District Public Defender
12th Judicial District
200 Betsy Pack Drive
P. O. Box 220
Jasper, TN 37347

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Counsel for the State Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

JAMES MICHAEL TAYLOR
District Attorney General

BILL COPELAND
STEPHEN BLOUNT
Assistant District Attorneys General
324 Dinah Shore Blvd.
Winchester, TN 37398

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

## OPINION

The defendant, Donnie Ray Sisk, appeals his Franklin County Circuit Court jury conviction of driving on revoked license, third offense, a misdemeanor offense. The jury imposed a fine of $500, and the trial court sentenced the defendant to eleven months, twenty-nine days, with forty-five days mandatory confinement. The defendant argues that the evidence was insufficient to support a finding of guilt. We AFFIRM the trial court's judgment.

## BACKGROUND

Winchester Police Department Officer Brazelton testified that he observed a silver Plymouth leave the parking lot of T.J.'s Liquors, travel down an alley, and nearly strike another vehicle "head on" as the Plymouth entered the roadway. Brazelton further testified that the Plymouth then continued on the roadway with the left side of the vehicle on the shoulder. The Plymouth abruptly stopped in the middle of the road. Brazelton testified that the defendant, who was driving the Plymouth, did not possess a driving license.

At the defendant's trial, the state offered a certified copy of the defendant's driving record from the Department of Safety as evidence of the revoked status of the defendant's driving license at the time of the offense. The defense objected to the offered document as hearsay, and the trial court overruled this objection pursuant to Tenn. R. Evid. 803(8). The defense then objected based on Tenn. R. Evid 404(b), arguing that, in addition to the defendant's licensing status, the document contained inadmissable evidence of other crimes, wrongs, or acts. The trial court agreed and instructed the state accordingly:

> THE COURT: Mark it for identification and I've indicated what portion you can read to the jury.

GENERAL COPELAND: Record of Donnie R. Sisk, 119 Ross Lane, Dogwood Apartment A-5, Winchester, Tennessee 37398. The record would reflect that on the date in question, Christmas Eve of last year, December 24, 1996, Mr. Sisk's driver's license was in a revoked status on that day.

THE COURT: Very well. Mark it for identification.

The defendant contends that the admission of his driving record was error, and that without this evidence, "an essential element of the charge of driving on revoked license was absent." Therefore, the defendant argues that the state did not prove its case beyond a reasonable doubt and asks this Court to reverse the judgment of the trial court and to dismiss the case.

**ANALYSIS**

The issue for our consideration is, therefore, whether a certified copy of a defendant's driving record as maintained by the Tennessee Department of Safety is admissable to prove that the defendant was driving on a revoked license and, if so, what manner of introduction is required. We conclude that such a driving record is admissible as substantive evidence under the public records hearsay exception, see Tenn. R. Evid. 803(8), and may be introduced at any point prior to the close of the offering party's proof either by simply offering the document as an exhibit if the document contains no other objectionable material or, if the document does contain objectionable material, by reading the relevant and unobjectionable portions of the document into evidence. In either case, an authenticating witness is unnecessary. See Tenn. R. Evid. 902(5).

Tennessee Code Annotated § 55-50-204 requires the Tennessee Department of Safety to maintain records of certain driving license information, including the revocation or suspension of licenses. See Tenn. Code Ann. § 55-50-204. In the present case, the state offered a document produced by the Tennessee Department of Safety titled on the top left "OFFICIAL DRIVER

RECORD" and certified on the top right to be a true and correct copy of the record on file with the Department.

This document contains a considerable amount of information including, as pertinent here, the licensee's name, address, and birth date; the license number, issue and expiration dates, and classification; the "current date" or the date the information is valid; and, in this case, the revoked status of the defendant's license. The document also contains various other entries such as traffic offenses committed by the licensee and any accidents in which the licensee has been involved. Finally, the document bears a red stamp and certification by the person appointed by the Commissioner of the Department of Safety as keeper of the Official Driver Records.

Although hearsay, such a document clearly falls within the public records exception and is, therefore, admissible as substantive evidence. See Tenn. R. Evid. 803(8); State v. Baker, 842 S.W.2d 261, 264 (Tenn. Crim. App. 1992). Thus, the trial court correctly overruled the defendant's hearsay objection.

Further, we find that the proper introduction of such a document does not require an authenticating witness. These documents are self-authenticating. See Tenn. R. Evid. 902(5). Thus, the offering party generally may simply offer the document as an exhibit at any time prior to the close of their proof. In the present case, however, the defense objected that, in addition to showing the revoked status of the defendant's licence, the document contained inadmissable evidence of other crimes, wrongs, or acts. See Tenn. R. Evid 404(b). The trial court examined the document and, as it is within the court's discretion to determine, marked the relevant portions and allowed the state to read those portions into evidence. This included the current date for the document, the defendant's name and address, and the revoked status of the license. Because the current date of the Official Driver Record was the offense date, this information, once

properly admitted, was sufficient for the jury to find that element of his conviction for driving on revoked license.[1]

## CONCLUSION

For the forgoing reasons, the judgment of the trial court is AFFIRMED.

_____

JOHN EVERETT WILLIAMS, Judge

CONCUR:


_____

DAVID G. HAYES, Judge


_____

J. CURWOOD WITT, JR., Judge

---

[1] The jury found the defendant guilty of driving on revoked license and, in a bifurcated hearing, the trial court found him guilty of driving on revoked, third offense. The defendant does not contest the finding of the "third offense" status.