# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 9, 2014

## STATE OF TENNESSEE v. JOSHUA ETHEN DOYLE

### Appeal from the Criminal Court for Davidson County
### No. 2012C2411      Mark J. Fishburn, Judge

---

### No. M2013-02032-CCA-R3-CD - Filed May 13, 2014

---

The defendant, Joshua Ethen Doyle, appeals a certified question of law pertaining to the stop of his vehicle, and the denial of a motion to suppress the breath alcohol test. Finding no error, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Tommy Ethen Doyle, Linden, Tennessee, for the appellant, Joshua Ethen Doyle.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Elizabeth Foy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

Officer Robert Crow of the Metro-Nashville Police Department testified he was on duty the night of March 25, 2012, and he observed a vehicle driven by the defendant at about 2:50 a.m. traveling on Charlotte Pike with the driver's side tires a foot or more across the center, double-yellow line. He turned to get behind the vehicle to observe the driving, and by the time he caught up with the vehicle it was near the intersection of Charlotte Pike and Old Hickory Boulevard. The vehicle turned left off of Charlotte Pike into what the officer thought was a driveway that was overgrown. The officer later realized there was not a driveway there. The officer testified "there wasn't actually a driveway there. He just pulled

into the yard off Charlotte." The officer was familiar with the location and knew it was an empty house, which he passes many times a day. The officer had never seen any cars or people at the house. The grass was overgrown. Officer Crow then observed the defendant drive across the front yard parallel to Charlotte Pike and back toward the intersection of Old Hickory Boulevard. The officer pulled his car to the curb on Old Hickory Boulevard and activated the blue lights about the same time as the defendant stopped his vehicle in the front yard facing toward Old Hickory. The officer walked into the yard to speak with the defendant, who was sitting in the car with the door open. The officer immediately noticed a strong odor of alcohol.

## Certified Question on Stop of Vehicle

The certified question with regard to the stop is whether the trial court erred in holding that the seizure at the intersection of Charlotte Pike and Old Hickory Boulevard was a lawful investigative stop based on whether Officer Crow had a reasonable suspicion to stop the defendant and erred in denying the defendant's motion to suppress all evidence obtained because of the Officer's testimony at the suppression hearing.

## Trial Court's Findings

The trial court, in a written opinion, found that Officer Crow had sufficient reasonable suspicion, based on specific and articulable facts, to initiate a stop. The trial court not only found that the defendant crossed at least one foot over the double-yellow line with the front and rear driver's side tires, but also that he turned into a yard that Officer Crow justifiably believed to be vacated based on years of experience in patrolling the area. Additionally, when Officer Crow changed directions to return to the home, the defendant had turned his vehicle to the right and was driving through the yard in the direction of Old Hickory Boulevard without an apparent indication of stopping his vehicle.

## ANALYSIS

On appeal from a trial court's ruling on a motion to suppress, the trial court's findings of fact should be upheld unless the evidence preponderates to the contrary. *State v. Hanning*, 296 S.W.3d 44, 48 (Tenn. 2009). The credibility of witnesses, the weight and value of the evidence, and the resolution of conflicts in the evidence are matters entrusted to the trial judge. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). As is customary, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)).

The authorities must have probable cause or an "articulable and reasonable suspicion" to believe that a traffic violation has occurred when they initiate a traffic stop. *Whren v. United States*, 517 U.S. 806, 810 (1996); *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979); *accord State v. Vineyard*, 958 S.W.2d 730, 736 (Tenn. 1997). Reasonable suspicion exists when "specific and articulable facts . . . taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). An investigatory traffic stop under *Terry* "is a far more minimal intrusion [than an arrest pursuant to probable cause], simply allowing the officer to briefly investigate further. If the officer does not learn facts rising to the level of probable cause, the individual must be allowed to go on his way." *Illinois v. Wardlow*, 528 U.S. 119, 126, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000). However, officers must have some reasonable basis to warrant investigation; a mere "inchoate and unparticularized suspicion or 'hunch'" is not enough to generate reasonable suspicion. *Terry*, 392 U.S. at 27.

Tennessee's courts have also had ample opportunity to apply the reasonable suspicion standard. We have held that reasonable suspicion is "a particularized and objective basis for suspecting the subject of a stop of criminal activity." *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). The courts must look to the totality of the circumstances, *State v. Levitt*, 73 S.W.3d 159, 172 (Tenn. Crim. App. 2001) (citing *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 66 L. Ed. 2d 621 (1981); *Ornelas v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)), to determine whether an officer reasonably believed that the operator of a vehicle had either committed a crime or was about to commit a crime. *Levitt*, 73 S.W.3d at 172; *State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000). It is constitutionally permissible to stop a vehicle for an equipment violation in Tennessee. *England*, 19 S.W.3d at 766 (approving lower court holding that a violation of Tennessee. Code Annotated section 55-9-404 created a reasonable suspicion incident to a traffic stop); *State v. Brotherton*, 323 S.W.3d 866, 870 (Tenn. 2010).

This court concludes that the evidence does not preponderate against the finding by the trial court. In the early morning hours, the officer observed a vehicle that crossed the center line, turned into a yard of an abandoned house and drove across the yard toward an intersection. The officer certainly had sufficient reason for an investigatory traffic stop. The trial court did not err in denying the motion to suppress.

**Certified Question on Breath Test**

The defendant argues in his second certified question of law that the trial court erred in denying the defendant's motion to suppress the breath alcohol test because the documentation presented by the State on this issue was not properly authenticated. The trial

court, in a written opinion, found that the six requirements of authenticating an alcohol breath test set out in *State v. Sensing*, 843 S.W.2d 412, 416 (Tenn. 1992) were established.

The defendant failed to cite to the record or support his argument with any case law in the brief. However, in the Reply Brief the defendant cited the record where Officer Crow testified about the breath testing machine. He failed to cite any case law in support of his contention. Tennessee Rule of Appellate Procedure 27(a)(7) requires appellate briefs to contain an argument containing citation to the record and to legal authorities.

The certified question addresses whether the documentation was properly authenticated. One of the requirements of *Sensing* is that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed. *Sensing*, 843 S.W.2d at 416. At the hearing, the witness was shown two certificates of compliance from the Tennessee Bureau of Investigation ("TBI") for the Intoximeter, which the witness identified. The certificates were dated before and after the test date. The certificates indicated a test using the laboratory-controlled standard of alcohol of known value had been conducted and the instrument had been found to perform within the standards to measure breath alcohol. Defense counsel objected to the introduction of the certificates as hearsay. The State submitted they were self-authenticating documents that were public records. The trial court overruled the objection.

Whether testimony should be admitted under an exception to the hearsay rule is a matter left to the sound discretion of the trial court and is reviewed on appeal for abuse of discretion. *Pylant v. State*, 263 S.W.3d 854, 870 (Tenn. 2008). On appeal, this court will presume that the trial court's determination regarding the *Sensing* requirements is correct unless the evidence preponderates otherwise. *State v. Edison*, 9 S.W.3d 75, 78 (Tenn. 1999).

Our supreme court has recognized that the initial TBI certification and the subsequent maintenance records of breath testing instruments are public records under Tennessee Rule of Evidence 803(8). *Sensing*, 843 S.W.2d at 416. Unlike the business records exception, the public records exception does not require that the record be introduced through the testimony of a "custodian or other qualified witness." *See* Tenn. R. Evid. 803(6), (8); *State v. Baker*, 842 S.W.2d 261, 264-65 (Tenn. Crim. App. 1992).

*Sensing* contemplates that an officer certified to perform the breath test will testify that the TBI certified the testing instrument and regularly tested it for accuracy. *See Sensing*, 843 S.W.2d at 416. Thus, the State could introduce the certification and maintenance records through the testimony of Officer Crow. *See State v. Korsakov*, 34 S.W.3d 534, 543 (Tenn.

Crim. App. 2000). These documents are self-authenticating pursuant to Tennessee Rule of Evidence 902(4) and admissible hearsay pursuant to Tennessee Rule of Evidence 803(8). They are therefore admissible. Finding no abuse of discretion by the hearing court in admitting the records, the appellant is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOE H. WALKER, III, SPECIAL JUDGE