IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2018

## STATE OF TENNESSEE v. MARDOCHE OLIVIER

**Appeal from the Circuit Court for Montgomery County**
**Nos. 63CC1-2016-CR-1366, CC16-CR-1366   Ross H. Hicks, Judge**

_____

### No. M2017-02114-CCA-R3-CD

_____

The Defendant, Mardoche Olivier, was convicted by a jury of driving on a suspended license in violation of Tennessee Code Annotated section 55-50-104. The trial court sentenced the Defendant to six months of incarceration to be served concurrently with a pre-existing sentence. On appeal, the Defendant argues that the evidence presented at trial is insufficient to support the jury's verdict. After a review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Edward DeWerff, Clarksville, Tennessee (on appeal and elbow counsel at trial); and Mardoche Oliver, Pro Se (at trial), for the appellant, Mardoche Olivier.

Herbert H. Slatery III, Attorney General and Reporter; Zachary Hinkle, Assistant Attorney General; John W. Carney, District Attorney General; and Daniel Stephenson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The Defendant was indicted for driving on a suspended license. Because the jury was unable to reach a verdict, the trial court declared a mistrial. In the second trial, the Defendant requested to proceed pro se with the assistance of elbow counsel. The jury found the Defendant guilty of driving on a suspended license, and the trial court

sentenced the Defendant to six months' incarceration to be served concurrently with a pre-existing sentence.

Officer Derrick Cronk of the Clarksville Police Department testified that on April 21, 2016, he responded to a report of an automobile accident. Upon arriving at the scene, Officer Cronk requested that the parties involved in the accident provide him with their drivers' licenses, registration, and proof of insurance. The Defendant handed Officer Cronk his registration, proof of insurance, and a dependent military identification card instead of a driver's license. Officer Cronk returned to his patrol car and searched the National Crime Information Center ("NCIC") database, which showed that the Defendant's driver's license was suspended in Tennessee as of December 17, 2015. Officer Cronk issued the Defendant a citation for driving on a suspended license.

At trial, the State introduced a copy of the Defendant's certified driving record from the Tennessee Department of Safety and Homeland Security into evidence. The driving record shows that the Defendant's driver's license was indefinitely suspended on December 17, 2015.

Mr. Troy Lozano, a passenger in the Defendant's car at the time of the accident, testified for the defense that the Defendant was driving the car at the time of the accident, and he acknowledged that the Defendant did not have a Tennessee driver's license. Mr. Lozano confirmed that the Defendant had given Officer Cronk his registration, proof of insurance, and his military identification card.

The jury convicted the Defendant of driving on a suspended license after deliberating for three minutes. The trial court sentenced the Defendant to six months' incarceration to be served concurrently with a pre-existing sentence. The Defendant filed a motion for a new trial, arguing the evidence was insufficient to support his conviction. The trial court denied his motion, and this appeal followed.

## ANALYSIS

The Defendant argues that the evidence presented at trial was insufficient to support his conviction for driving on a suspended license. The standard for appellate review in determining the sufficiency of the evidence is "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). The Defendant "must demonstrate that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt" in order to obtain relief on a claim for insufficient evidence. *State v. Perrier*, 536

S.W.3d 388, 408 (Tenn. 2017). Further, because a jury conviction removes a defendant's presumption of innocence and "replaces it with one of guilt at the appellate level, the burden of proof shifts from the State to the convicted defendant," who must demonstrate that the evidence is insufficient support the jury's verdict. *Id.*

Appellate courts "will not substitute our own inferences drawn from the evidence for those drawn by the jury, nor will we reweigh or re-evaluate the evidence." *Id.* (citing *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). The determination of "'[t]he credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact.'" *Dorantes*, 331 S.W.3d at 379 (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008).

At trial, the State was required to satisfy two elements to prove beyond a reasonable doubt that the Defendant was driving on a suspended license. First, the State was required to prove that the Defendant was driving while his "privilege to do so is canceled, suspended, or revoked." *See* T.C.A. § 55-50-504(a)(1); *see also State v. Bobby Gene Goodson*, No. E2001-00925-CCA-R3-CD, 2002 WL 1751191, at *3 (Tenn. Crim. App. July 29, 2002) (noting that "a prerequisite to convicting a defendant for driving on a suspended license is that the defendant's driver's license was legally suspended at the time of the alleged crime."). Second, the State was required to prove that the Defendant was driving on a public street. T.C.A. § 55-50-504(a)(1).

The Defendant does not contest that he was driving on a public street. Instead, he argues that the only proof that his license was suspended was Officer Cronk's testimony and an NCIC report that shows that the Defendant's driver's license was suspended. The Defendant cites to *State v. Buck* for the proposition that "computer print-outs from the N.C.I.C. are not admissible as a substitute for certified copies of court convictions nor for any other purpose." 670 S.W.2d 600, 607 (Tenn. 1984). However, in the present case, an NCIC printout was not admitted into evidence. The State properly entered into evidence the Defendant's certified driving record prepared by the Tennessee Department of Safety and Homeland Security, which established that the Defendant's license was suspended at the time of the offense. *See State v. Baker*, 842 S.W.2d 261, 264 (Tenn. 1992) (holding that certified Department of Safety driving records are admissible evidence under the public records exception to the hearsay rule). The evidence presented at trial is sufficient to support the Defendant's conviction. While the Defendant observes that the trial court did not admit his Virginia Driving Record, he does not raise the exclusion of the evidence as error, and we do not address the issue.

The proof at trial, viewed in the light most favorable to the State, supports the Defendant's conviction for driving on a suspended license. We conclude that the Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE